OPINION
{¶ 1} Defendant-appellant, Curtis Brown, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a jury verdict, of one count of possession of criminal tools in violation of R.C. 2923.24, one count of forgery in violation of R.C.2913.31, and one count of using the personal identity of another without consent in violation of former R.C. 2913.49. Because the sufficiency and weight of the evidence support defendant's convictions, we affirm that portion of the trial court's judgment. Because, however, the trial court failed to state the relevant findings and reasons for sentencing defendant to consecutive terms of imprisonment, we reverse the sentence the trial court imposed.
 {¶ 2} By indictment filed August 16, 2002, defendant was charged with one count of possessing criminal tools, two counts of forgery, and one count of using the identity of another, all felonies of the fifth degree. The matter was tried to a jury that found defendant guilty of possession of criminal tools, one count of forgery, and using the personal identity information of another, but found defendant not guilty of one count of forgery. The trial court sentenced defendant to 11 months on each of the three counts, with two of the sentences to run consecutively to each other, and the third to be served concurrently with the others. Defendant appeals, assigning two errors:
I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
II. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON THE DEFENDANT CONTRA R.C. 2929.14(E)(4).
 {¶ 3} Defendant's first assignment of error asserts the sufficiency and weight of the evidence do not support his convictions. To the extent defendant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 260, paragraph two of the syllabus; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
 {¶ 4} When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 387 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony"); Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 5} R.C. 2923.24(A) states that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Prima facie evidence of criminal purpose is established when the item is specially adapted for criminal use or is possessed under circumstances indicating the item is intended for criminal use. R.C. 2923.24(B)(2) and (3).
 {¶ 6} According to the evidence presented at trial, Consuela Floyd, who works in the credit department of the corporate offices of Sofa Express, audited a credit application for Frank Franchini. The application caught her attention because the picture on the driver's license was of an African-American male, but the name sounded Italian. She also noted the applicant's birth date was in November, but the license was issued in July, circumstances she found unusual because a license typically is issued on the driver's date of birth.
 {¶ 7} When defendant came to the corporate offices on August 8, 2002, to pick up his merchandise, he had copies of the sales orders. Defendant said his name was Frank Franchini, he presented the sales orders to Floyd, and he said he was there to pick up his furniture. She asked for a driver's license, and he presented a driver's license with his picture, a social security number, Frank Franchini's name and Frank Franchini's address. When Floyd presented the delivery manifest to defendant, he signed it as Frank Franchini. Floyd called the Groveport police, ultimately leading to defendant's indictment and convictions.
 {¶ 8} With that evidence construed in favor of the state, the jury reasonably could conclude defendant possessed a driver's license that had been prepared in order to facilitate defendant's fraudulent purchase of furniture from Sofa Express in Franchini's name, and thus the jury reasonably could conclude defendant possessed criminal tools. See State v. Moore (Nov. 19, 1998), Franklin App. No. 98AP-265 (determining evidence that defendant used another's driver's license to facilitate theft of a car supported conviction under R.C. 2923.24[B][3]). Moreover, defendant presented no evidence, directly or through cross-examination, to undermine Floyd's testimony. Accordingly, the verdict is not against the manifest weight of the evidence.
 {¶ 9} R.C. 2913.31 provides:
No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
(1) Forge any writing of another without the other person's authority;
(2) Forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original existed;
(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.
 {¶ 10} The noted evidence reflects that defendant signed Frank Franchini's name on the delivery manifest. The police interceded before he actually possessed the furniture, but the evidence, construed in the state's favor, shows defendant signed Franchini's name, without Franchini's consent, to the delivery manifest in order to defraud Sofa Express of the requested furniture. Thus, the sufficiency of the evidence supports defendant's convictions. Again, cross-examination revealed no discrepancy that undermined the weight of the evidence in support of defendant's convictions, and the verdict thus is not against the weight of the evidence.
 {¶ 11} Lastly, defendant was convicted of taking the identity of another in violation of former R.C. 2913.49(B), which states:
No person shall obtain, possess, or use any personal identifying information of any living or dead individual with the intent to fraudulently obtain credit, property, or services or avoid the payment of a debt or any other legal obligation.
 {¶ 12} Here, Frank Franchini testified he saw a driver's license with defendant's picture but with his personal information, including his social security number. He testified he did not fill out a credit application for Sofa Express, did not attempt to pick up furniture there, and gave no one consent to use his information. As a result, the jury could reasonably conclude, with the evidence construed in the state's favor, that defendant procured a driver's license with Franchini's name and personal information in order to fraudulently obtain furniture from Sofa Express. Because that evidence supports a conviction under former R.C. 2913.49(B), the sufficiency of the evidence supports defendant's conviction. As with the prior two offenses, the lack of evidence from defendant, as well as the failure of cross-examination to point out any deficiency that undermined the state's case, leaves the manifest weight of the evidence supporting defendant's conviction for using the identity of another.
 {¶ 13} To prove a felony of the fifth degree regarding defendant's personal identity conviction, the state was required to demonstrate that the value of the property or other legal obligation involved was $500 or more. While none of the witnesses testified to a specific dollar amount involved, one of the exhibits, the delivery manifest, indicates the furniture defendant attempted to purchase was valued at over $4,000. With that exhibit, the state provided sufficient evidence of value, and nothing in the record renders that conclusion against the manifest weight of the evidence.
 {¶ 14} Because the sufficiency and manifest weight of the evidence support defendant's convictions, we overrule defendant's first assignment of error.
 {¶ 15} Defendant's second assignment of error asserts the trial court erred in failing to state the requisite findings and reasons to support its imposing consecutive sentences. Former R.C. 2929.14(E)(4) and2929.19(B)(2)(c) authorized the trial court to impose consecutive sentences under selected circumstances. Former R.C. 2929.14(E)(4), in effect at the time of defendant's crimes, stated:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Former R.C. 2929.19(B)(2) provided:
The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]
 {¶ 16} Accordingly, not only must the trial court specify its findings from among those set forth in former R.C. 2929.14(E)(3), but it must also specify one of the findings set forth in former R.C.2929.14(E)(3)(a), (b) and (c). Further, the court must specify its reasons in support of those findings pursuant to former R.C.2929.19(B)(2)(c).
 {¶ 17} The state properly acknowledges the trial court failed to make the requisite findings and state its reasons to support consecutive sentences. While the trial court went through the factors that would support the imposition of a prison sentence for fifth degree felony convictions, the trial court failed to make the requisite findings under former R.C. 2929.14(E)(4) and state the requisite reasons under former R.C. 2929.19(B)(2)(c). Accordingly, we sustain defendant's second assignment of error.
 {¶ 18} Having overruled defendant's first assignment of error, but having sustained his second assignment of error, we affirm the judgment of the trial court insofar as it found defendant guilty of the charged offenses, but we reverse the sentence the trial court imposed and remand only for resentencing.
Judgment affirmed in part and reversed in part; case remanded for resentencing.
LAZARUS and WATSON, JJ., concur.